**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>TIFFANY TANEESHA GRAYS,<br><br>Debtor. | <br><br>Bankr. Case No. 25-14416-JGR<br>Chapter 7 |

## ORDER DENYING DEBTOR'S MOTION TO STRIKE THE RESPONSE (ECF NO. 22) AND GRANT THE RELIEF REQUESTED IN ECF NO. 20 OR IN THE ALTERNATIVE COMPEL COMPLIANCE

THIS MATTER comes before the Court on the Motion to Strike the Response (ECF No. 22) and Grant the Relief Requested in ECF No. 20 or in the Alternative Compel Compliance filed by Debtor on October 20, 2026 (Doc. 25; the "Motion").

The Motion complains that because creditor Laradon NW LLC ("Laradon") failed to enter an appearance in accordance with Fed.R.Bankr.P. 9010(b) and file a Corporate Statement in accordance with Fed.R.Bankr.P. 7007.1, the Response should be stricken and sanctions awarded to Debtor.

Fed.R.Bankr.P. 9010(b) provides that "[a]n attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record."

Here, the Response (Doc. 22) filed by attorneys Tschetter Sulzer Muccio, P.C. on behalf of Laradon, clearly identifies the client and the representing attorney's name, office address, and telephone number. Therefore, the Response (Doc. 22) filed by Tschetter Sulzer Muccio, P.C. constitutes an entry of appearance by counsel and satisfies Fed.R.Bankr.P. 9010(b).

Fed.R.Bankr.P. 7007.1 provides that "[a]ny nongovernmental corporation—other than the debtor—that is a party to an adversary proceeding must file a statement identifying any parent corporation and any publicly held corporation that owns 10% or more of its stock or stating that there is no such corporation."

Here, Debtor's because the Emergency Motion (Doc. 18), was filed in the above-entitled chapter 7 case, this is a contested matter governed by Fed.R.Bankr.P 9014. Fed.R.Bankr.P. 9014(c)(1) identifies the series 7000 rules that apply in contested matters and Fed.R.Bankr.P. 7007.1 does not apply in contested matters. Accordingly,

IT IS ORDERED that Debtor's Motion to Strike the Response (ECF No. 22) and Grant the Relief Requested in ECF No. 20 or in the Alternative Compel Compliance filed by Debtor on October 20, 2026 (Doc. 25) be and is hereby DENIED.

Dated this 27th day of October, 2026.

BY THE COURT:



Joseph G. Rosania, Jr.
Bankruptcy Judge